UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
MAY 14 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JOHN R. CHRISTIAN | CIV. 14-4020 |
| Petitioner, | |
| -vs- | REPORT and RECOMMENDATION |
| J.S. WILLIS, Warden. | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, John R. Christian ("Christian"), is a federal inmate currently incarcerated at the Yankton Federal Prison Camp. He filed a petition requesting relief under 28 U.S.C. § 2241.

The Court has taken judicial notice of the file in Petitioner's underlying criminal conviction from the United States District Court, Western District of Missouri, No. 09-00156-04-CR-W-DW. *See, Hood v. United States*, 152 F.2d 431 (8th Cir. 1946) (federal District Court may take judicial notice of proceedings from another federal District Court); *Matter of Phillips*, 593 F.2d 356 (8th Cir. 1979) (proper for federal court to take judicial notice of state court pleadings); *Green v. White*, 616 F.2d 1054 (8th Cir. 1980) (Court of Appeals may take judicial notice of District Court filings).

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

## PRELIMINARY MATTERS

Pending is Christian's Motion to Seal (Doc. 11) his Clarification Reply (Doc. 11-1). Christian indicates he wishes to seal his Clarification Reply "due to the fact that it contains some of his prior drug history which is not intended for public use. Nor, does petitioner want any of the facts of his case reported pursuant to his original sentencing." The facts which Christian presents in his Clarification Reply, including his prior drug history, are necessary for the resolution of this case and have for the most part been presented in Christian's earlier public filings, both in this District and the Western District of Missouri. That Christian does not want the facts of his case reported 'pursuant to his original sentencing' is not a sufficient reason to seal the document. Nothing

contained in Doc. 11-1 requires privacy protection pursuant to Local Rule 5.2 or the E-Government Act. It is therefore respectfully recommended that Christian's Motion to Seal (Doc. 11) his Clarification Reply (Doc. 11-1) be DENIED.

## RDAP BACKGROUND

18 U.S.C. § 3621(b) directs the Bureau of Prisons to "make appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." From this statutory directive, the Residential Drug Abuse Program (RDAP) came to be. To become eligible for RDAP, a federal inmate must have a documented drug abuse problem that existed within twelve months of his arrest. *See* 28 C.F.R. § 550.53(b)(1) (explaining a "verifiable substance abuse disorder" is a requirement for enrollment in RDAP). The term "verifiable substance abuse disorder" is not defined by statute or regulation, but the Bureau of Prisons has defined it in its Program Statement 5330.11 § 2.5.8(d)(2) in relevant part as follows:

- Documentation to support a substance abuse disorder within the 12-month period before the inmate's arrest on his or her current offense.
- Documentation from a probation officer, parole officer, social service professional, etc., who has information that verifies the inmate's problem with substance(s) within the 12-month period before the inmate's arrest on his or her current offense.
- Documentation from a substance abuse treatment provider or medical provider who diagnosed and treated the inmate for a substance abuse disorder within the 12-month period before the inmate's arrest on his or her current offense.
- Multiple convictions (two or more) for Driving under the Influence (DUI) or Driving while Intoxicated (DWI) in the 5 years prior to his or her most recent arrest.

The BOP's implementation of the program statement to condition eligibility upon documented proof of a verifiable substance abuse disorder within the twelve month period before arrest on the current offense has been repeatedly held to be a permissible construction of the enabling statute. *See e.g. Mora-Meraz v. Thomas*, 601 F.3d 933, 942-43 (9th Cir. 2010); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011); *Laws v. Barron*, 348 F.Supp.2d 795, 805-806 (E.D. Ky. 2004); *Warman v. Philips*, 2009 WL 2705833 at * 12, fn7 (N.D. W.Va. 2009) (collecting cases). The Bureau of Prisons has discretion to grant early release of up to one year for inmates who successfully complete the RDAP program. 18 U.S.C. § 3621(e)(2)(B). "As several courts have noted, the RDAP has proved popular with prisoners because of the opportunity it provides to reduce their time in

2

prison." *Davis v. English*, 2013 WL 1149526 at * 4 (D. Minn.) (citations omitted, gathering cases).

## PROCEDURAL HISTORY

In May, 2009, Christian was charged in a nine count[1] Indictment in the Western District of Missouri with Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1)(b)(1)(A) and 846 and Conspiracy to Possess pseudophedrine with intention to Manufacture a Controlled Substance in violation of 21 U.S.C. § 841(c)(1) and (2) and 846. In December, 2009, Christian entered a guilty plea to the two counts of the Indictment in which he was charged. In March, 2011, the United States District Court for the Western District of Missouri, the Honorable Dean Whipple presiding, sentenced Christian to 90 months imprisonment on each count to be served concurrently, five years supervised release, and a $200.00 special assessment. Judge Whipple recommended to the Bureau of Prisons that Christian be considered for placement at Leavenworth or another facility which would allow participation in the 500 hour residential substance abuse program. Christian did not file a direct appeal.

The docket sheet from the Western District of Missouri reveals that On October 4, 2012, Christian filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence. *See* No. 09-00156-04-CR-W-DW, United States District Court, Western District of Missouri, Doc. 326. The Motion was denied.

In October, 2012 and again in December, 2013, Christian moved the United States District Court for the Western District of Missouri to amend/correct his Presentence Investigation Report (PSR). *See* No. 09-00156-04-CR-W-DW, United States District Court, Western District of Missouri, Doc. 341 and Doc. 360. The premise of both motions was that the PSR erroneously reported Christian's last use of methamphetamine in June, 200<u>6</u>. Christian asserted the PSR should have stated his last use of methamphetamine was in June, 200<u>8</u> and that this error prevented his admission into the RDAP program.[2] Both motions were denied. Additionally, Christian wrote two letters directly to the pretrial writer in an attempt to obtain support for his claim that the information in the PSR was incorrect. The pretrial writer, however, did not respond to Christian's inquiries. Christian's papers indicate that although he has been denied admission into the RDAP program, the

---

[1]Christian was charged in only two of the nine counts.

[2]Christian was arrested for the offense in question on May 21, 2009.

Warden has indicated that if Christian obtains proper documentation of eligibility (documentation from a substance abuse provider, probation officer, parole officer, social services professional to verify a problem with illicit substances) his application will be reconsidered. Additionally, the Warden recommended and offered Christian the opportunity to participate in the non-residential drug treatment program. *See* Doc. 1 Attachment A1.

Christian now files this § 2241 Petition, challenging the BOP's refusal to allow his participation in the Residential Drug Abuse Program (RDAP). Christian explains the BOP bases its refusal on erroneous information contained in his PSR, and asks this Court to correct the "clerical error" in his PSR so that he may participate in RDAP. Christian has filed a Petition (Doc.1) with several attachments, a Clarification Reply (Doc. 11-1). The Government has filed a Response (Doc. 7) and the Declaration of Angela Buege (Doc. 8) with attachments. The matter is ripe for decision.

## ANALYSIS

### 1. Exhaustion of Administrative Remedies

The Bureau of Prisons has crafted a three part administrative remedy system, found at 28 C.F.R. §542.10 through §542.16. As a general rule, a federal inmate must first properly exhaust his administrative remedies before he may seek judicial review, through a habeas corpus petition under 28 U.S.C. § 2241, of BOP decisions regarding the execution of the inmate's sentence. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006).

The exhaustion requirement, however, is judicially created and is not jurisdictional. *Lueth v. Beach*, 498 F.3d 795, 797 fn. 3 (8th Cir. 2007). Exhaustion may be waived when: (1) to require it would be futile; or (2) the factual record has been sufficiently developed to allow the court to determine the claim on the merits. *Elwood v. Jeter*, 386 F.3d 842, 844 (8th Cir. 2004); *Morrow v. Rios,* 2009 WL 924525 (D.Minn. 2009). At the time he filed this federal lawsuit, the time for the BOP to respond to Christian's final level administrative remedy had not yet expired. *See* Buege Declaration, Doc. 8 at ¶ 10. The Government has not objected to Christian's § 2241 Petition on the basis of failure to exhaust, and the time for the BOP to respond to the final level has now expired. Both exceptions apply in this case; Christian's failure to exhaust the final step in the administrative remedy process will not prevent a decision on the merits of his claim.

.

## 2. This Court Will Not Order Injunctive Relief in the Form of Correcting Christian's PSR

Christian seeks "an injunctive order" from this Court directing the Western District of Missouri to, pursuant to Fed. R. Crim. P. 36, correct a "clerical error" in his PSR.[3] Specifically, Christian asserts that the "Substance Abuse History" section of his PSR incorrectly recites that Christian's last use of methamphetamine occurred in 2006 rather than 2008.

Fed. R. Crim. P. 36 provides:

**Rule 36. Clerical Error**
After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or any other part of the record, or correct an error in the record arising from oversight or omission.

Christian cites several reasons why the 2006 date in his PSR, upon which the BOP relies to deny him the opportunity to participate in RDAP, must be a typographical error. Because his requests for the Court and the pretrial writer in the Western District of Missouri to correct the claimed error have been denied or have gone unanswered, he asks this Court to "exercise its authority to correct the clerical error in his PSR from 'June 2006 to 'last regularly using meth in June 2008'. . . ."

First, it is impossible for this Court to determine whether the reference to 2008 instead of 2006 in Christian's PSR is merely a scrivener's error. The most obvious reason is the Court has not seen nor read the document. Even more persuasive, however, is that the Judge who did read it and the pre-trial writer who wrote it have not been sympathetic to Christian's plight and have denied or ignored his request to change the PSR or to otherwise notify the BOP of the purportedly erroneous information.

Second, other information provided indicates at the time the PSR was written, Christian may have minimized his description of his recent drug use. That past minimization is inconsistent with his current insistence that he did have a "verifiable drug abuse disorder" within the required twelve month time frame before his arrest and is inconsistent with his current theory that the pretrial writer made a scrivener's error when he wrote 2006 instead of 2008 when describing Christian's last regular drug use.

---

[3]Although Christian refers extensively to the PSR and its contents, the PSR itself has not been provided to this Court. As is the usual practice, the PSR was not filed with the Clerk and is not part of the public docket in the Western District of Missouri. As a result, although it is available to the BOP for its purposes, the PSR is not accessible to internal Court users nor the general public.

For example, Christian attached to his brief as Attachment A-3 a page from his Presentence Memorandum. Under the "mitigating factors" section, his lawyer wrote that Christian

> has *successfully managed his methamphetamine addiction.* He did this on his own; however it is his counsel's opinion that Christian has a severe drinking problem, which is not managed. Daily drinking, and frequent gambling, led Christian to continue to deal methamphetamine while on State probation and against his better judgment. Christian continues to drink, but has not had the resources to gamble in a significant manner since he ceased to deal drugs. *All of his drug screens while on pretrial release have been clean.*

(Emphasis added). In other words, Christian claimed that although he was dealing methamphetamine during his state probation (which preceded the federal conspiracy) and the conspiracy which was the subject of this federal conviction, he "successfully managed" his own methamphetamine addiction. Additionally, in his brief to this Court (but not his Motions to Correct to the Western District of Missouri or his Presentence Memorandum), Christian claims that his "inconclusive" urine tests while on federal pretrial release prove he used methamphetamine during that time. During his sentencing hearing however (while arguing for a downward departure) in addition to all the other reasons for the departure Christian's counsel represented to the Court that Christian "had all clean urine drops" during his pretrial release. *See United States v. Christian*, No. 09-00156-04-CR-W-DW, Sentencing Transcript, Doc. 350, p. 11. Christian successfully received a downward departure (he received 90 months with a 240 month guideline range). Given these discrepancies, this Court is unable to determine the inaccuracies Christian alleges in his PSR "arise from oversight or omission" pursuant to Fed. R. Crim. P. 36. *See United States v. Bao Quoc Nguen*, 2009 WL 1783500 (N.D. Ia.) ("The type of error asserted by the defendant here does not represent the type of clerical error in the record that is contemplated by Rule 36. An authorized correction, pursuant to Rule 36, may clarify a sentence, unclear in written form, that is clear when the record is examined as a whole."). (Citations omitted). [4]

Judge Whipple denied Christian's Motion to Correct the PSR because he found that after sentencing, the Court need not entertain such a motion. *See United States v. Christian*, No. 09-00156-04-CR-W-DW, Doc. 347 and Doc. 362. Christian cites *Johnson v. United States*, 46 F.3d 1135 (8th Cir. 1995), an unpublished case, for the proposition that "any attempt to challenge or correct the PSR should be raised in a petition under 28 U.S.C. § 2241 in the district of . . .

---

[4] In *Nguyen*, the Court also question whether the Court had jurisdiction to amend the PSR. *Id.* at *1.

confinement."[5] In *Johnson*, however, the defendant, unlike Christian, complied with Fed. R. Crim. P. 32 and challenged the portions of the PSR he claimed inaccurate at the time of sentencing. The trial court denied his objections but did not consider the allegedly inaccurate information in determining Johnson's sentence. Johnson raised the issue again in his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Because the alleged inaccuracy in the PSR did not affect his sentence, the Eighth Circuit likewise declined to entertain his efforts to change the PSR after sentencing.[6]   The *Johnson* case is put into context by *United States v. Peloso*, 824 F.2d 914 (11th Cir. 1987). The habeas applicant in *Peloso* likewise sought to correct his PSR. A year after his sentencing hearing, where he voiced no objections to his PSR, he moved to correct the PSR under Fed. R. Crim. P. 32 because the parole commission denied his parole based on what he claimed was incorrect information contained in the PSR. The Eleventh Circuit noted that a motion to correct the PSR "may be construed as a section 2255 habeas corpus petition, or a section 2241 habeas petition directed at the parole commission for using false information." *Id.* at 915 (citation omitted, punctuation altered). The Court further explained, however, that in Peloso's case, "remanding [the] claim to the district court for treatment as a § 2241 petition would be fruitless, given his failure to object to the report at sentencing. We have previously held that, where a defendant was given the opportunity to examine his PSI report, in order to bring a Rule 32 issue in a post-conviction proceeding, the defendant must have objected to the presentencing report at trial. To raise it for the first time post-judgment is too late." Because Christian did not object within the time allowed by Rule 32, therefore, his attempt to amend the PSR in this § 2241 proceeding is too late.

### 3. The BOP's Refusal To Admit Christian into RDAP Did Not Violate His Due Process Rights

In the prison context, a liberty interest is defined as a freedom from restrictions that impose atypical and significant hardships on the inmate in relationship to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1985). To show deprivation of a liberty interest, therefore, a prisoner must show the deprivation affects the length of his sentence. *Moorman v.*

---

[5] Other courts have indicated, however, that the BOP is powerless to amend a PSR. *Robinson v. Davis*, 2009 WL 383094 at *4 (N.D. Fla.) and that "[a] PSI is a document of the sentencing court that can only be changed by the sentencing court itself." *Id.*

[6] Fed. R. Crim. P. 32(f)(1)requires the parties to object to information in the PSR within 14 days after receiving it. Rule 32(i)(3) provides that the Court may rely on undisputed information in the report, and may rule on the disputed information or inform the parties that if information is disputed and un-resolved, it will not rely on the information.

*Thalaker*, 83 F.3d 970, 973 (8th Cir. 1996). There is no liberty interest in RDAP for two reasons: (1) the consequences of ineligibility for RDAP only cause a prisoner to serve the remainder of his sentence under typical circumstances rather than imposing a punishment qualitatively different from the punishment characteristically suffered by a person convicted of a crime; and (2) because early release upon completion of the RDAP program is not mandatory in any event, an inmate has no liberty interest in participation. *Richardson v. Joslin*, 501 F.3d 415, 419-20 (5th Cir. 2007). *See also Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("[a] prisoner has no constitutional right to participate in RDAP, and similarly, a prisoner has no liberty interest in discretionary early release for completion of RDAP . . .").

In his Clarification (Doc. 11) Christian asserts the Government has misconstrued his due process claim. He acknowledges he has no liberty interest in the 18 U.S.C. § 3621 early release provision or in actual participation in RDAP. Instead, Christian asserts a "limited liberty interest in that petitioner be determined eligible/ineligible based on accurate information contained within the PSR." *Id.* at p.5. In support of this assertion, he cites *Evans v. Dillahunty*, 662 F.2d 522 (8th Cir. 1981). In *Evans* the Eighth Circuit acknowledged the federal parole statute created a substantial expectancy of parole and involved a constitutionally protected expectation of liberty under the federal parole statutes. *Id.* at 526.[7] In *Evans* the Court explained that because the plaintiff prisoner had a liberty interest in parole, "due process imposes the requirement that an inmate be advised of adverse information that may lead to an unfavorable decision and be given an opportunity to address it." *Id.* at 526.

*Evans* is inapplicable because the basic premise of *Evans* is not present in this case; Christian has no liberty interest in RDAP participation. Even assuming a liberty interest, however, Christian was advised of the reason for his ineligibility and given an opportunity to address it. That his efforts have to date been unsuccessful does not give rise to a due process violation.[8]

---

[7]The federal parole system was abolished when the Sentencing Reform Act went into effect on November 1, 1987. *See Jones v. U.S. Bureau of Prisons*, 903 F.2d 1178, 1179 fn.2 (8th Cir. 1990).

[8]The BOP does have a procedure in place to challenge inaccurate information. *See Robinson v. Davis*, 2009 WL 383094 at *4 (N.D. Fla.). Specifically, Program Statement 5800.11 ¶ 15.c allows an inmate to challenge the accuracy of information contained in his central file. The inmate may challenge information in his PSR and the BOP, while acknowledging that a PSR may not be altered, does allow that if a pretrial writer reports to the BOP that the challenged information is not accurate, instructs its staff shall to attach the Bureau's inquiry and the USPO's response to the challenged document to ensure that future decisions affecting the inmate are not based on discredited information.

In Christian's case, as in *Robinson*, the pretrial writer did not report that the challenged information was inaccurate "so the BOP was allowed to rely on that information in making decisions . . ." *Id.* at *4 and fn. 2.

4.     **RDAP Participation Requirements are Within the Discretion of the BOP**

The Eighth Circuit has acknowledged that 18 U.S.C. § 3621(e)(2) "vests broad discretion in the BOP to determine which individuals, among the group of statutorily eligible inmates convicted of nonviolent offenses, are appropriate candidates for early release." *Bellis v. Davis*, 186 F.3d 1092, 1094 (8th Cir. 1999)(citations omitted). In *Bellis* the Court explained that "Congress expected the BOP to make early-release determinations based on criteria to be established and uniformly applied." *Id.* at 1094-95. The Court further explained that "where Congress has left a gap in the statute for an agency to fill, we defer to the agency's interpretation so long as it is a permissible construction of the statute." *Id. citing Chevron USA Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 847, 843-45, 866, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). "Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *In Re Old Fashioned Enterprises, Inc.*, 236 F.3d 422, 425 (8th Cir. 2001) (citations omitted). The Eighth Circuit has further affirmed that the BOP's early release program and it's accompanying program statement (53301.02) "were promulgated in compliance with the Administrative Procedure Act and are reasonable and allowable interpretations of their enabling act." *Gianni v. Federal Bureau of Prisons*, 405 Fed. Appx. 96 (8th Cir. 2010).   Christian's assertion that the BOP's failure to exempt him from the uniform application of the statute, regulations and program statement constitutes an abuse of discretion is discussed in Section 6 below.

5.     **The Language of 18 U.S.C. § 3625 Precludes Judicial Review of Individual RDAP Placement Decisions**

In *Reeb v. Thomas*, 636 F.3d 1224 (9th Cir. 2011) the Ninth Circuit explained the judicial review provisions of the Administrative Procedure Act

> do not apply to any determination, decision, or order made pursuant to 18 U.S.C. §§3621-3624. The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. §3621. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625.[9]

---

[9] 18 U.S.C. § 3625 explains that the provisions of the Administrative Procedure Act (sections 554, 555 and 701-706) "do not apply" to any determination, decision or order under 18 U.S.C. §§ 3621-3625.

*Id.* at 1227. Federal courts, therefore, lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621. *Id.* at 1228. Review is available only if the BOP action is contrary to established federal law, violates the Constitution, or exceeds statutory authority. *Id.* Accord, *Gatewood v. T.C.Outlaw*, 560 F.3d 843, 846-47, fn. 2 (8th Cir. 2009) ("§3625 may well preclude judicial review of BOP decisions applying the final rule and program statement to particular inmates."); *Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998) ("Accordingly it is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions."); *LeMaster v. Hollingsworth*, 2011 WL 3322227 (D.S.D.) (If there are no legal errors in BOP decision making process that would justify habeas relief, the Court cannot second guess the ultimate decision made by the BOP).

### 6. The BOP Did Not Act Outside its Statutory Authority Or Commit Constitutional Error When it Denied Christian's Request to Participate in RDAP

If a petitioner alleges the BOP misinterpreted or wrongly applied the federal statute, the Court may make a limited review of the BOP's decision for legal and Constitutional error. *Selser v. Pitzer*, 926 F.Supp. 130, 132 (D. Minn. 1996); *LeMaster v. Hollingsworth*, 2011 WL 3322227 (D.S.D.) at *6.

Although the Courts are precluded from reviewing the BOP's discretionary decisions, Christian asserts that this Court can nevertheless intervene because the BOP acted outside its statutory mandate when it denied his participation in RDAP. He bases this claim on two factual premises: (1) he flunked his urine tests while on pretrial release; and (2) his only extended period of non-drug use occurred while on state probation or under court orders to refrain from drug use. Christian argues (1) it makes no sense to declare him ineligible to participate in RDAP because he did not abuse drugs within twelve months *before* his arrest if he abused drugs *after* his arrest; and (2) and "to declare petitioner ineligible for RDAP because he complied to some extent with a court order release term is contrary to what Congress intended when it enacted 18 U.S.C. § 3621(e) to provide that every prisoner with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . ."

Christian's first argument is based on his assertion that he flunked urine tests which conclusively showed he used methamphetamine during his pretrial release on the instant conviction. Christian's assertion that he flunked his urine tests while on pretrial release is not supported by the

10

record. First, as discussed above, he claimed during the sentencing hearing and in his sentencing Memorandum that his pretrial urine tests were "clean." Second, the Court acknowledges that Christian has attached to his Petition as Exhibit A4 copies of four urine tests which state the results for methamphetamine were "inconclusive." Although Christian now insists these tests are indicative of drug use, his own insistence is not enough.[10] Pursuant to Program Statement 5330.11 § 2.5.8(d)(2) documentation of the inmate's verifiable substance abuse disorder must be provided by a probation officer, parole officer, social service professional, etc., who has information that verifies the inmate's problem with substance(s) within the 12-month period before the inmate's arrest on his or her current offense or from a substance abuse treatment provider or medical provider who diagnosed and treated the inmate for a substance abuse disorder within the 12-month period before the inmate's arrest on his or her current offense. *See also Guerra v. Medina* 2010 WL 4484683 (W.D. La.) at *1 (affidavits from family members insufficient to verify history of substance abuse).

Christian's final argument is that the BOP's regulations and/or program statement should make exceptions from its requirements for inmates who cannot produce documentation of active substance abuse disorder for the required twelve month period before arrest only because they have been on probation or some other court-mandated order to refrain from drug abuse.[11] In *Salvador-Orta v. Daniels*, 531 F.Supp.2d 1249 (D.Oregon 2008) the district court found the BOP's refusal to admit the prisoner to RDAP arbitrary and capricious because the twelve month period which preceded his incarceration was spent in a residential drug treatment facility. The court held that "petitioner's conduct while under a court order not to use illegal drugs or alcohol cannot in any rational sense be interpreted as establishing that petitioner's substance abuse fails to warrant admission into RDAP." *Id.* at 1252. *Salvador-Orta*, however, is inapposite. A careful reading of *Salvador-Orta* reveals that the twelve month time period calculated by the BOP was the twelve months before he was *incarcerated* on the subject federal charges, not the twelve months before he was *arrested* on the subject federal charges, and the pretrial supervision/residential drug treatment which disqualified him from RDAP was mandated by his federal pretrial supervision.

---

[10]The record does not show, and Christian does not claim that his federal pretrial release was ever revoked because of the inconclusive urine tests.

[11]Christian now asserts because he was on state probation until March 2009 that his substance abuse history "significantly drops and is undocumented." Again this is inconsistent with the excerpt from his sentencing Memorandum which indicates he was "discharged from probation in September 2008 . . . and that he "successfully managed his methamphetamine addiction . . .on his own." *See* Doc. 1 Attachment A3.

11

The BOP's implementation of the program statement to condition eligibility upon documented proof of a verifiable substance abuse disorder within the twelve month period before arrest on the current offense has been repeatedly held to be a permissible construction of the enabling statute. *See e.g. Mora-Meraz v. Thomas*, 601 F.3d 933, 942-43 (9th Cir. 2010); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011); *Laws v. Barron*, 348 F.Supp.2d 795, 805-806 (E.D. Ky. 2004); *Warman v. Phillips*, 2009 WL 2705833 at * 12, fn7 (N.D. W.Va. 2009) (collecting cases). In Christian's case, the BOP permissibly determined Christian did not have a verifiable substance abuse disorder within the twelve month period beginning on May 21, 2009, the date of his arrest on the instant offense.

## CONCLUSION and RECOMMENDATION

For the reasons explained above, it is respectfully RECOMMENDED that Christian's Motion to Seal (Doc. 11) his Reply Clarification (Doc. 11-1) be DENIED. Further, the Court has carefully reviewed the record. 18 U.S.C. § 3625 precludes judicial review of agency adjudicative decisions. *Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998); *LeMaster v. Hollingsworth*, 2011 WL 3322227 (D.S.D.). Having determined there were no legal or Constitutional errors in the BOP's decision making process that would justify habeas relief, it is respectfully RECOMMENDED to the District Court that Christian's application for writ of habeas corpus (Doc. 1 in this file) be DENIED with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 14 day of May, 2014.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge